UNITED STATES BANKRUPTCY COURT
DISTRICT OF

In re:                                         §
                                               §
QUICK, WAULINE J.                              §        Case No. 12-70742
                                               §
                        Debtor(s)              §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   .  The undersigned trustee was appointed on               .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]                      $

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____ . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____ .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/MARIANN POGGE, Trustee_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page:   1

**Exhibit A**

Case No:      12-70742      MPG   Judge: MARY P. GORMAN

Case Name:    QUICK, WAULINE J.

For Period Ending: 11/18/13

Trustee Name:   MARIANN POGGE, Trustee

Date Filed (f) or Converted (c):    03/29/12 (f)

341(a) Meeting Date:    05/07/12

Claims Bar Date:    08/24/12

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Adm (FA)/ Gross Value of Remain Assets | Lien Amount | Exempt Amount |
| 1. CASH | 50.00 | 0.00 | | 0.00 | FA | 0.00 | 50.00 |
| 2. US BANK CHECKING | 150.00 | 1,750.00 | | 1,750.00 | FA | 0.00 | 150.00 |
| 3. PERSONAL PROPERTY | 400.00 | 0.00 | | 0.00 | FA | 0.00 | 400.00 |
| 4. WEARING APPAREL | 600.00 | 0.00 | | 0.00 | FA | 0.00 | 600.00 |
| 5. JEWELRY | 500.00 | 0.00 | | 0.00 | FA | 0.00 | 500.00 |
| 6. MORGAN STANLEY ACCOUNT | 1,200.00 | 1,200.00 | | 1,200.00 | FA | 0.00 | 0.00 |
| 7. 2011 INCOME TAX REFUND | 1,792.00 | 0.00 | | 0.00 | FA | 0.00 | 1,792.00 |
| 8. 2006 WRANGLER   Trustee determined not worth pursuing further. | 12,500.00 | 4,516.00 | | 121.06 | FA | 3,976.00 | 4,008.00 |
| 9. GARNISHMENT FUNDS   Spoke to employer -no funds are being held - paid out prior to bankruptcy. garnishment released | 2,941.08 | 2,941.08 | | 0.00 | FA | 0.00 | 0.00 |
| 10. 3 PRUDENTIAL LIFE POLICIES (u) | 0.00 | 3,430.00 | | 3,430.00 | FA | 0.00 | 0.00 |
| 11. Post-Petition Interest Deposits (u) | Unknown | N/A | | 12.63 | Unknown | 0.00 | 0.00 |

TOTALS (Excluding Unknown Values)    $20,133.08    $13,837.08    $6,513.69    $0.00    $3,976.00    $7,500.00

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Collecting life insurance and bank account funds from Debtor on monthly payments. - reviewed claims.
FINAL COSTS REQUESTED.

Initial Projected Date of Final Report (TFR): 12/31/13      Current Projected Date of Final Report (TFR): 12/31/13

   /s/      MARIANN POGGE, Trustee

_____ Date: 11/18/13

   MARIANN POGGE, TRUSTEE

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| Case No: | 12-70742 -MPG |
|---|---|
| Case Name: | QUICK, WAULINE J. |

Taxpayer ID No:    *******9932
For Period Ending: 11/18/13

| Trustee Name: | MARIANN POGGE, Trustee |
|---|---|
| Bank Name: | PRAIRIE STATE BANK & TRUST |
| Account Number / CD #: | *******2269  Money Market Account (Interest Earn |

Blanket Bond (per case limit):    $ 69,146,203.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 07/03/12 | 6 | WAULINE QUICK | MORGAN STANLEY ACCOUNT | 1129-000 | 1,200.00 | | 1,200.00 |
| 07/13/12 | 10 | Wauline Quick | life insuarnce | 1229-000 | 1,000.00 | | 2,200.00 |
| * 07/13/12 | 10 | Wauline Quick | life insurance | 1229-003 | 871.00 | | 3,071.00 |
| * 07/13/12 | 10 | Wauline Quick | life insurance wrong amount entered. | 1229-003 | -871.00 | | 2,200.00 |
| 07/13/12 | 10 | Wauline Quick | life insurance | 1229-000 | 871.06 | | 3,071.06 |
| 07/25/12 | 10 | Wauline Quick | life insurance | 1229-000 | 200.00 | | 3,271.06 |
| 07/31/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.36 | | 3,271.42 |
| 08/08/12 | 10 | Wauline Quick | life insurance | 1229-000 | 350.00 | | 3,621.42 |
| 08/31/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.60 | | 3,622.02 |
| 09/04/12 | 2 | W. Quick | | 1129-000 | 350.00 | | 3,972.02 |
| 09/28/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.60 | | 3,972.62 |
| 10/02/12 | 10 | Wauline Quick | life insurance | 1229-000 | 350.00 | | 4,322.62 |
| 10/27/12 | 10 | Wauline Quick | life insurance | 1229-000 | 350.00 | | 4,672.62 |

Page Subtotals                    4,672.62            0.00

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 2

Exhibit B

| Case No: | 12-70742 -MPG | Trustee Name: | MARIANN POGGE, Trustee |
|---|---|---|---|
| Case Name: | QUICK, WAULINE J. | Bank Name: | PRAIRIE STATE BANK & TRUST |
| | | Account Number / CD #: | *******2269  Money Market Account (Interest Earn |
| Taxpayer ID No: | *******9932 | | |
| For Period Ending: | 11/18/13 | Blanket Bond (per case limit): | $ 69,146,203.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 10/31/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.78 | | 4,673.40 |
| 11/05/12 | 000101 | INTERNATIONAL SURETIES, LTD<br>SUITE 420<br>701 POYDRAS ST.<br>NEW ORLEANS, LA  70139 | blanket bond #016028270 | 2300-000 | | 20.91 | 4,652.49 |
| 11/27/12 | | Wauline Quick | life insurance and checking | | 350.00 | | 5,002.49 |
| | 10 | | Memo Amount:          308.94 | 1229-000 | | | |
| | | | equity in life insurance policies | | | | |
| | 2 | | Memo Amount:           41.06 | 1129-000 | | | |
| | | | bank account | | | | |
| 11/30/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.78 | | 5,003.27 |
| 12/26/12 | 2 | Wauline Quick | bank account | 1129-000 | 350.00 | | 5,353.27 |
| 12/31/12 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 1.07 | | 5,354.34 |
| 01/31/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 1.14 | | 5,355.48 |
| 02/01/13 | 2 | Wauline Quick | equity in assets | 1129-000 | 350.00 | | 5,705.48 |
| 02/28/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 1.09 | | 5,706.57 |
| 03/04/13 | 2 | Wauline Quick | equity in assets | 1129-000 | 350.00 | | 6,056.57 |
| 03/29/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.88 | | 6,057.45 |

Page Subtotals          1,405.74          20.91

Ver: 17.04

LFORM24

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page:   3

Exhibit B

| Case No: | 12-70742  -MPG |
|---|---|
| Case Name: | QUICK, WAULINE J. |
| Taxpayer ID No: | *******9932 |
| For Period Ending: | 11/18/13 |

| Trustee Name: | MARIANN POGGE, Trustee |
|---|---|
| Bank Name: | PRAIRIE STATE BANK & TRUST |
| Account Number / CD #: | *******2269  Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 69,146,203.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 04/01/13 | 2, 8 | Wauline Quick | equity in assets. | 1129-000 | 350.00 | | 6,407.45 |
| 04/30/13 | 8 | Wauline Quick | equity in wrangler | 1129-000 | 80.00 | | 6,487.45 |
| 04/30/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.98 | | 6,488.43 |
| 05/31/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.96 | | 6,489.39 |
| 06/28/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.87 | | 6,490.26 |
| 07/31/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.89 | | 6,491.15 |
| 08/30/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.80 | | 6,491.95 |
| 09/30/13 | 11 | PRAIRIE STATE BANK & TRUST | INTEREST REC'D FROM BANK | 1270-000 | 0.83 | | 6,492.78 |

| | | |
|---|---|---|
| Memo Allocation Receipts: | 350.00 | |
| Memo Allocation Disbursements: | 0.00 | |
| Memo Allocation Net: | 350.00 | |

| | COLUMN TOTALS | 6,513.69 | 20.91 | 6,492.78 |
|---|---|---|---|---|
| | Less:  Bank Transfers/CD's | 0.00 | 0.00 | |
| | Subtotal | 6,513.69 | 20.91 | |
| | Less:  Payments to Debtors | | 0.00 | |
| | Net | 6,513.69 | 20.91 | |

| | | |
|---|---|---|
| Total Allocation Receipts: | 350.00 | |
| Total Allocation Disbursements: | 0.00 | |
| Total Memo Allocation Net: | 350.00 | |

| | TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|---|
| | Money Market Account (Interest Earn - *******2269 | 6,513.69 | 20.91 | 6,492.78 |
| | | 6,513.69 | 20.91 | 6,492.78 |
| | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | | | |
|---|---|---|---|
| Page Subtotals | | 435.33 | 0.00 |

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 4

Exhibit B

| | |
|---|---|
| Case No: | 12-70742 -MPG |
| Case Name: | QUICK, WAULINE J. |
| Taxpayer ID No: | *******9932 |
| For Period Ending: | 11/18/13 |

| | |
|---|---|
| Trustee Name: | MARIANN POGGE, Trustee |
| Bank Name: | PRAIRIE STATE BANK & TRUST |
| Account Number / CD #: | *******2269 Money Market Account (Interest Earn |
| Blanket Bond (per case limit): | $ 69,146,203.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Money Market Account (Interest Earn - *******2269

| | | | Page Subtotals | 0.00 | 0.00 | |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

LFORM24

Ver: 17.04

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-70742
Case Name: QUICK, WAULINE J.
Trustee Name: MARIANN POGGE, Trustee

Balance on hand                                        $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: MARIANN POGGE, Trustee | $ | $ | $ |
| Trustee Expenses: MARIANN POGGE, Trustee | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses      $_____

Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | US Bank N.A. | $ | $ | $ |
| 000002 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000003 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000004 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000005 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000006 | Midland Funding LLC | $ | $ | $ |
| 000007 | Midland Funding LLC | $ | $ | $ |
| 000008 | Quantum3 Group LLC as agent for | $ | $ | $ |
| 000009 | eCAST Settlement Corporation | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                               $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE